Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
**ANGELLA NAVARRO ALLENDE,** *Individually and on behalf of others similarly situated,*

**Plaintiff**

v.

**COMPLAINT**
**Index No.**

**COLLECTIVE ACTION**
**UNDER 29 USC § 216(b)**

**JURY TRIAL**
**DEMANDED**

**ESTELA CHAUCA, CLEOTILDE ROSENDO**
**Individually and SUPER TACOS FOOD TRUCK**

**Defendants.**
------------------------------------------------------------------x

1. Plaintiff Angella Navarro Allende ("Allende" or "Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF THE ACTION**

2. This Action on behalf of Plaintiff, individually and on behalf of others similarly situated, seeks the recovery of unpaid wages and related damages for unpaid minimum wage and overtime hours worked, while employed by Super Tacos Food Truck ("Super Tacos"), Estela Chauca ("Estela") and Cleotilde Rosendo ("Cleotilde"). Plaintiff seeks these damages under the applicable

provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff Allende, a resident of New York State, has been employed as a food truck worker for Defendants from on or about 2007 to date. Plaintiff was employed by Defendants during the relevant limitations periods.

4. Plaintiff's consent to sue form is attached as Exhibit "A."

5. Defendant Super Tacos is a New York Corporation. Defendant Super Tacos is a food truck that is located at 96th Street and Broadway in New York City.

6. Upon information and belief, Super Tacos has an annual gross volume of sales in excess of $500,000.00.

7. Defendants also own and operate a Mexican restaurant named Rivera Maya, which is located at 301 W. 96th St., New York, NY 10025 (96th Street and West End Avenue).

8. At all relevant times, Super Tacos has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

9. Upon information and belief, Defendants Estela and Cleotilde are owners and operators of Super Tacos.

10. Upon information and belief, Defendants Estela and Cleotilde exercise control over Super Tacos' day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

11. Defendants Estela and Cleotilde have been the employers of Plaintiff during the relevant time period.

12. All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings the First and Third Claims for Relief as a collective action pursuant to FLSA Section 16 (b), 29 USC § 216(b), on behalf of all similarly situated workers employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The First and Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided

3

to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## JURISDICTION AND VENUE

16. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

17. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

18. Defendants committed the following alleged acts knowingly, willfully and intentionally.

19. Defendants knew that the nonpayment of minimum wage and overtime pay to Plaintiff and the FLSA Collective Plaintiffs would economically injure Plaintiff and the FLSA Collective Plaintiffs and violated state and federal laws.

20. Throughout the course of her employment at Super Tacos, Plaintiff has regularly worked six (6) days per week.

21. Plaintiff works eight and one-half (8.5) hours per day, from 6:00 pm through 2:30 am.

22. Plaintiff and the FLSA Collective Plaintiffs often work in excess of forty (40) hours per workweek.

23. From 2007 until around the end of 2017, Plaintiff was paid a base salary of $100.00 per day, in cash, regardless of her hours worked per week.

24. From January 2018 to date, Plaintiff has been paid a base salary of $110.00 per day, in cash, regardless of her hours worked per week.

25. Plaintiff also received an average of $10.00 per day in tips.

26. Plaintiff had to pool her tips with the other food cart workers; however, Rosendo would unlawfully take a one-third of the tips (approximately $10.00) each day.

27. On at least three occasions, Super Tacos received sanitation violation tickets from the New York City Environmental Control Board.

28. On one occasion Estella paid half on one and made Plaintiff pay the other half, and on the other two occasions, Defendants deducted $100.00 per week from Plaintiff's weekly pay until the tickets were paid off.

29. Upon information and belief, Defendants' registered the Super Tacos' food truck's New York State Department of Taxation and Finance Certificate of Authority in Plaintiff's name even though Plaintiff has no ownership stake in the food truck.

30. Defendants unlawfully failed to pay the Plaintiff and the FLSA Collective Plaintiffs the New York State or the federal minimum wage for all hours worked per week.

31. Defendants unlawfully failed to pay the Plaintiff and the FLSA Collective Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

32. Defendants did not provide Plaintiff and the FLSA Collective Plaintiffs with any written or oral information regarding the New York state or federal minimum wage.

33. Defendants Estela hired and scheduled Plaintiff.

34. Defendants Cleotilde issued Plaintiff's weekly pay and supervised Plaintiff.

35. Defendants failed to provide Plaintiff with a written notice of her rate of pay and failed to keep proper payroll records as required under New York law.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs**

36. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

37. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff and the FLSA Collective Plaintiffs.

38. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

39. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery

of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Minimum Wage Violations Against All Defendants

40. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

41. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

42. Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

43. Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

44. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs

45. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

7

46. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff, and the FLSA Collective Plaintiffs.

47. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

48. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

### FOURTH CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

51. Defendants have willfully failed to pay Plaintiff the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

52. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

53. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## FIFTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

56. Defendants failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

57. Defendants' failure to make, keep and preserve accurate records was willful.

58. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## PRAYER FOR RELIEF

59. WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

d. Designation of Plaintiff as a representative plaintiff of the FLSA Collective Plaintiffs;

e. Penalties available under applicable laws;

f. Costs of the action incurred herein, including expert fees;

g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

h. Pre-judgment and post-judgment interest, as provided by law; and

i. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff on behalf of herself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
March 12, 2018

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack  
39 Broadway, Suite 1530,  
New York, NY 10006  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Super Tacos and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage and overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_____     _30 5/8_     _Angela Navarro_
Signature                    Date          Printed Name